UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAURA CHASE, as Parent and Natural Guardian
of M.S.N.,

                Plaintiff,

        -vs-                                    06-CV-685C(SC)

MICHAEL NEAR,
A.W. FARREL & SON, INC., and
RICHARD HOISINGTON, JR.

                Defendants.

---

      Pending before the court is a motion by defendants to bifurcate the liability and damages phase of this trial (Items 28, 33). Plaintiff opposes the motion. For the reasons that follow, the motion is denied.

      The case arises from a motor vehicle accident that occurred on February 13, 2003. It is alleged that the minor plaintiff was injured while she a passenger in a vehicle driven by defendant Near and owned by defendant Farrell which collided with a vehicle owned and operated by defendant Hoisington. The plaintiff alleges serious facial injuries, including scarring and disfigurement, depression, and aggravation of a pre-existing psychological condition.

      Federal Rule of Civil Procedure 42(b) permits a court to bifurcate the issues in a trial when doing so would be "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy . . . ." Fed. R. Civ. P. 42(b). Although the court is well within its discretion to bifurcate a trial and bifurcation is not unusual, bifurcation is "the exception rather than the rule." *See Dallas v. Goldberg*, 143

F. Supp. 2d 312, 315 (S.D.N.Y. 2001); *see also Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir. 1990) (holding that the court of appeals will "leave the mode of trial ultimately to the discretion of the district judge"). Courts determine bifurcation on a case-by-case basis and consider several factors, including: (1) whether the issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (3) whether the posture of discovery on the issues favors a single trial or bifurcation; (4) whether the documentary and testimonial evidence on the issues overlap; and (5) prejudice to either party. *See Guidi v. Inter-cont'l Hotels Corp.*, 2003 WL 1846864, *1 (S.D.N.Y. Apr. 8, 2003); *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y.2001). In establishing whether bifurcation is warranted, the burden falls squarely on the party seeking bifurcation. *See Dallas,* 143 F. Supp. 2d at 315.

  Here, defendants argue that evidence relating to plaintiff's injuries will have no bearing on how the accident occurred, nor is it probative with respect to the issues of negligence and causation. They contend that the evidence supporting liability and damages is not inter-related, and different witnesses and documents will be required as only defendant Near and the minor plaintiff would have probative testimony to offer on both the issues of liability and damages. Significantly, the defendants argue that the introduction of evidence regarding the minor plaintiff's serious facial injuries and psychological problems will prejudice the defendants by adding an element of emotion to the jury's deliberation. Finally, defendants contend that a bifurcated trial will promote judicial economy in that a finding of liability may encourage settlement and render the damages phase unnecessary.

Plaintiff opposes the motion, arguing that bifurcation of liability and damages in a simple negligence case is not warranted. Plaintiff states that witnesses, such as the minor plaintiff, defendant Near, and law enforcement and emergency personnel, would be called in both phases of the trial to testify as to weather conditions and the care and condition of the minor plaintiff. Plaintiff also expresses concern about requiring the minor plaintiff to appear at two separate trials. Finally, plaintiff contends that bifurcation will increase the time and cost of bringing the case to a conclusion.

The court has considered the arguments in support of and in opposition to the motion to bifurcate. Applying the various factors to the case, the court recognizes that the issues of liability and damages are different and potentially severable. However, there will necessarily be some overlap of witnesses and their testimony. It is not apparent that the ends of judicial convenience and economy will be served by two separate trials, and the court sees no possibility of confusion on the part of the jury if liability and damages are tried together. Finally, the court recognizes the sympathetic nature of a young plaintiff and the potential of prejudice to the defendants. Nonetheless, there are "no particular factors specific to this case that distinguish the potential for prejudice here from the potential prejudice which is normally and customarily dealt with through an appropriate charge and curative instructions where necessary." *Aldous v. Honda Motor Co., Ltd.*, 1996 WL 312189, *2 (N.D.N.Y. May 30, 1996). Accordingly, defendants have not sustained their burden of establishing the necessity of bifurcation, and the motion is denied.

The parties expressed a desire to participate in the Western District's Alternative Dispute Resolution program following the issuance of this order. The court will conduct a

telephone conference on Friday, October 19, 2007, at 10:30 a.m. to discuss this matter and any outstanding discovery issues and to set a further schedule.

So ordered.

                                                 \s\ John T. Curtin
                                                  JOHN T. CURTIN
                                           United States District Judge

Dated:   September 25  , 2007
p:\pending\2006\06-685.sept1207